In re GROWERS PACKING CO., INC., and Joseph A. Torcise, Jr. d/b/a Joe Torcise Farms and Tijodee Farms, Debtors.

Joseph A. TORCISE, Jr. d/b/a Joe Torcise Farms and Tijodee Farms, Plaintiff,

v.

Melvyn RIFF, Defendant.

Joseph A. TORCISE, Jr. d/b/a Joe Torcise Farms and Tijodee Farms, Plaintiff,

v.

James KELLEY, Jr., Defendant.

GROWERS PACKING CO., INC., Plaintiff,

v.

James KELLEY, Jr., Defendant.

Bankruptcy No. 89–16286–BKC–AJC. Adv. Nos. 91–1149–BKC–AJC–A, 91–1153–BKC–AJC–A and 91–1156–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

Jan. 14, 1993.

John L. Britton, Fine, Jacobson, Schwartz, Nash & Block, Ft. Lauderdale, FL, for unsecured creditors committee.

Ronald G. Neiwirth, Alan K. Fertel, Ferrell, Cardenas, Fertel & Morales, Miami, FL, for Melvin Riff, defendant and James Kelley, Jr., defendant.

Peter W. Homer, Greer, Homer and Bonner, Miami, FL, for Barnett Bank.

Martin Sandler, Anthony F. Sanchez, Taylor, Brion, Buker & Greene, Miami, FL, for debtor.

## ORDER ON TORCISE'S FIFTH AMENDMENT OBJECTION

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court for hearing on December 9, 1992. The hearing was scheduled by the Court in its previous order on Torcise's Fifth Amendment Objections to determine, question by question, the validity of Torcise's objections to deposition questions based on his Fifth Amendment privilege against self-incrimination. At the hearing, the parties raised the issue of whether Torcise, individually, waived his

right to claim the privilege. Subsequent to the hearing, Torcise filed an emergency motion to reinstate his discharge, which motion shall be dealt with herein.

■ The Fifth Amendment's provision against self-incrimination "must be accorded liberal construction in favor of the right it was intended to secure." *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). The privilege against self-incrimination protects against compelled disclosure of testimony which might or tends to incriminate. *See Hoffman*, 341 U.S. at 486–87, 71 S.Ct. at 818; *Emspak v. United States*, 349 U.S. 190, 197, 75 S.Ct. 687, 692, 99 L.Ed. 997 (1955); *Minnesota v. Murphy*, 465 U.S. 420, 426, 104 S.Ct. 1136, 1141, 79 L.Ed.2d 409 (1984). The privilege protects against disclosure when a witness has a reasonable apprehension, not merely an imaginary possibility, of disclosing incriminating testimony. *Hoffman*, 341 U.S. at 486, 71 S.Ct. at 818 (reasonable apprehension); *Rogers v. United States*, 340 U.S. 367, 375, 71 S.Ct. 438, 443, 95 L.Ed. 344 (1951) (imaginary possibility).

"Waiver of constitutional rights is not lightly ... inferred [and does not occur based] upon vague and uncertain evidence. [C]ourts must indulge every reasonable presumption against waiver of fundamental constitutional rights." [1] *Emspak*, 349 U.S. at 196, 198, 75 S.Ct. at 691, 692. The leading case on the issue of losing the benefit of the privilege against self-incrimination held:

> Since the privilege against self-incrimination presupposes a real danger of legal detriment arising from the disclosure, [a witness] cannot invoke the privilege where response to the specific question in issue here would not further incriminate her. Disclosure of a fact waives the privilege as to details. Thus, if the witness himself elects to waive his privilege ... and discloses his criminal connections, he is not permitted to stop, but

must go on and make a full disclosure. As to each question to which a claim of privilege is directed, the court must determine whether the answer to that particular question would subject the witness to a "real danger" of further incrimination.

*Rogers*, 340 U.S. at 372–74, 71 S.Ct. at 441–42. These principles will guide the Court in determining whether Torcise has properly asserted his Fifth Amendment's privilege against self-incrimination and whether he has lost the benefit of it.

A brief history of the situation will be recited. Special counsel for the bankruptcy estate and defendants in the above-specified adversary cases began a deposition of the Debtor, Torcise. The deposition ceased upon Torcise claiming the privilege of the Fifth Amendment. The parties then came before the Court for a determination as to whether Torcise's testimony can and should be compelled and as to whether Torcise waived his right to claim the privilege.

Initially, the Court felt that the Debtor had the constitutional right to claim the Fifth Amendment privilege but did not have the constitutional right to a discharge. By claiming the privilege, the Court determined the Debtor to have sought to obtain the benefits of a discharge without bearing the obligations and burdens required to obtain a discharge.

However, to preserve and effectuate the Fifth Amendment privilege, it appears the Debtor's assertion of the privilege should not be the sole ground for denial of his discharge. To hold otherwise would dilute the privilege by allowing the drawing of adverse inferences from the Debtor's failure to respond to evidence against him.

■ The Court directs the parties to proceed in the following fashion. The parties shall resume the deposition and present discrete deposition questions to Torcise, as opposed to "set[ting] forth in general terms the areas that they [wish] to explore...." The Debtor must listen to the

---

1. The word "waiver" is no longer used in the context of the privilege against self-incrimination. A witness is now said to "lose the benefit" of the privilege against self-incrimination. *See,* e.g., *Minnesota v. Murphy*, 465 U.S. 420, 427–28, 104 S.Ct. 1136, 1142, 79 L.Ed.2d 409 (1984); *Garner v. United States*, 424 U.S. 648, 653–54, 96 S.Ct. 1178, 1181–82, 47 L.Ed.2d 370 (1976).

specific questions and only then, if he believes it appropriate, assert his Fifth Amendment privilege. Once all of the questions are asked, the parties will come back before the Court and, as to those questions to which the Debtor objects, it will be his burden to establish that his testimony would raise a threat of incrimination, consistent with this Court's foregoing analysis. The Court will then conclude, on a question by question basis, whether the privilege is properly asserted or whether it simply does not apply. Moreover, on a question by question basis, the parties may argue waiver and the Court will determine whether Debtor has lost his privilege. To protect Torcise's Fifth Amendment privilege, the Court will first attempt to rule on each objection without requiring an *in camera* response. *See Hoffman*, 341 U.S. at 486–87, 71 S.Ct. at 818; *In re U.S. Hoffman Can Corp.*, 373 F.2d 622, 628–29 (3rd Cir.1967). However, if is not apparent that the question calls for an incriminating response, Torcise will have to respond, *in camera*, in order for the Court to rule on the objection.

If the privilege is properly asserted, the Court will then determine whether it will call the U.S. Attorney, who can decide whether to apply for federal immunity. If immunity is not afforded the Debtor, he may continue to refuse to testify on Fifth Amendment grounds. If the Debtor is granted immunity and continues to refuse to testify, or incorrectly asserts the Fifth Amendment privilege, the Court may deny Debtor his discharge.

It is hereupon

ORDERED that Joseph A. Torcise's Emergency Motion to Reinstate Discharge is GRANTED. The Clerk of the Court shall reissue the discharge of Joseph A. Torcise and give notice thereof to all creditors and interested parties. It is

FURTHER ORDERED that the parties proceed in the foregoing manner and schedule a hearing at the conclusion of the Debtor's deposition to have the Court determine the validity of any Fifth Amendment objections raised and to determine whether Debtor should be ordered discharged.

DONE AND ORDERED.